Andrew Gerber
Vanessa Sorrentino
KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, New York 10003
(212) 882-1320
andrew@kgfirm.com
vanessa@kgfirm.com
*Attorneys for Plaintiff Wildflower + Co., Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| WILDFLOWER + CO., INC., | : | |
| | : | |
| *Plaintiff*, | : | Case No. 23-CV-10415 |
| | : | |
| v. | : | **COMPLAINT FOR COPYRIGHT** |
| | : | **INFRINGEMENT** |
| ROADGET BUSINESS PTE. LTD., a | : | |
| Singapore private limited company; | : | |
| SHEIN US SERVICES, LLC, a Delaware | : | |
| limited liability company; and FASHION | : | |
| CHOICE PTE. LTD., a Singapore private | : | |
| limited company, | : | |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| *Defendants*. | : | |
| | : | |

Plaintiff Wildflower + Co., Inc. ("Plaintiff" or "Wildflower"), by and through its undersigned attorneys, for its complaint against defendants Roadget Business Pte. Ltd. ("Roadget"), Shein US Services, LLC ("SUS"), and Fashion Choice Pte. Ltd. ("Fashion Choice") (collectively, the "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for copyright infringement brought by an independent design company against a web of interrelated corporate entities operating under the Shein brand that

1

together own and operate some of the fastest growing fast fashion e-commerce retailers in the world.

2.      While Defendants hold out the Shein brand as one of the largest and fastest growing e-commerce retailers in the world, Defendants' business in fact relies in part on a coordinated scheme of pervasively infringing the copyrights of independent artists and businesses for financial gain.

3.      Roadget, together with SUS, Fashion Choice, and their corporate affiliates and a multitude of suppliers, has engaged in a coordinated scheme with the purpose, plan, and effect of infringing the copyrights of independent artists for its own financial gain.

4.      In the past five years, intellectual property owners have collectively filed more than 100 infringement lawsuits against Roadget and/or its corporate affiliates and predecessors, at a rate that far outpaces claims against similar companies. Many more artists and companies either have resolved or dropped potential infringement claims against Roadget and/or its corporate affiliates and predecessors without ever filing suit, while others have never even learned that their intellectual property was infringed in the first place.

5.      In no small part because of its scheme of willful and widespread copyright infringement, Roadget has achieved commercial success—more than $10 billion in sales in the United States in 2022—through the Shein U.S. website (us.shein.com), the Romwe U.S. website (us.romwe.com), the Emmacloth U.S. website (emmacloth.com), and their corresponding mobile apps.

6.      Plaintiff is one of many independent artists and businesses that have been and continue to be systematically targeted and exploited by Defendants' unlawful conduct.  Defendants

have displayed and sold no fewer than eighteen (18) separate and distinct products that infringe eight (8) of Plaintiff's original designs.

7.    Plaintiff seeks relief for Defendants' sale and display of various products featuring unauthorized and infringing copies of its original designs. Plaintiff seeks injunctive relief, monetary damages, costs, attorneys' fees, and such other relief as the Court deems necessary for Defendants' willful copyright infringement.

## PARTIES

8.    Plaintiff Wildflower is a domestic corporation with its principal place of business in New York, New York. Wildflower owns the respective copyrights for the original designs at issue and has satisfied the requirements of 17 U.S.C. § 411(a) prior to filing this complaint.

9.    Defendant Roadget is a private limited company organized under the laws of the country of Singapore. Roadget is the owner of the Shein brand, the SHEIN trademark, the website located at us.shein.com (the "Shein U.S. Website"), and the corresponding mobile application (the "Shein Mobile App"). Roadget is also the owner of the Emmacloth brand, the EMMACLOTH trademark, and the website located at emmacloth.com (the "Emmacloth U.S. Website").

10.    Defendant SUS is a limited liability company organized under the laws of the State of Delaware. SUS is Roadget's affiliate and licensee and is involved in the operation of Shein in the United States, including the Shein U.S. Website and the Shein Mobile App.

11.    Defendant Fashion Choice is a private limited company organized under the laws of the country of Singapore. Fashion Choice is Roadget's affiliate and licensee and is involved in the operation of Emmacloth in the United States, including the Emmacloth U.S. Website.

## JURISDICTION AND VENUE

12.    This matter is an action for copyright infringement under the U.S. Copyright Act, 17 U.S.C. § 101, *et seq.*

13.    The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338.

14.    This Court has personal jurisdiction over Defendants pursuant to N.Y.C.P.L.R. §§ 301 and 302 and Fed. R. Civ. P. 4(k)(2) because Defendants do systematic business in New York and in this District by displaying, offering for sale, targeting, advertising, and selling products to consumers through the Shein U.S. Website, the Shein Mobile App, the Emmacloth U.S. Website, and various social media platforms. Defendants have also committed unlawful acts outside of New York that caused injury to Plaintiff within New York and this District; regularly do or solicit business in New York and this District; derive substantial revenue from goods used or services rendered in New York and this District; expect or reasonably should expect their infringing conduct to have consequences in New York and this District; and derive substantial revenue from interstate commerce.

15.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because Defendants committed unlawful acts of infringement in this District, Defendants' unlawful conduct resulted in damage to Plaintiff in this District, and Defendants do business here and are subject to personal jurisdiction here.

## FACTUAL BACKGROUND

### I.    Wildflower and the Original Designs

16.    Plaintiff Wildflower is an independent design company based in New York that sells products including unique patches, enamel pins, and jewelry. Wildflower sells its products

on its website, wildflower.co, through its Etsy virtual storefront, located at etsy.com/shop/WildflowerandCompany, and via wholesale to various third-party retailers throughout the United States. Plaintiff also sells its products at various locations in New York, including at Little Market NYC located at 637 Broadway, New York, New York 10012.

17.    Eight of Plaintiff's most popular designs are at issue in this action: *Hamsa Patch, Rose Champagne Patch, Lipstick Patch, Evil Eye Patch, Blue Feather Patch, Cherries, Mermaid, and Unicorn* (collectively, the "Original Designs"), shown below.

| *Hamsa Patch* | *Rose Champagne Patch* |
|:---:|:---:|
|  |  |
| *Lipstick Patch* | *Evil Eye Patch* |
|  |  |



| Blue Feather Patch | Cherries |
|:---:|:---:|
| | |
| Mermaid | Unicorn |
| | |

18.     On May 10, 2017, Wildflower obtained federal copyright registration No. VA 2-083-463 for *Hamsa Patch*.

19.    On May 10, 2017, Wildflower obtained federal copyright registration No. VA 2-060-070 for *Rose Champagne Patch.*

20.    On May 10, 2017, Wildflower obtained federal copyright registration No. VA 2-083-455 for *Lipstick Patch*.

21.    On October 11, 2017, Wildflower obtained federal copyright registration No. VA 2-075-057 for *Evil Eye Patch*.

22.    On October 11, 2017, Wildflower obtained federal copyright registration No. VA 2-075-100 for *Blue Feather Patch*.

23.    On March 12, 2020, Wildflower obtained federal copyright registration No. VA 2-200-638 for *Cherries.*

24.    On March 12, 2020, Wildflower obtained federal copyright registration No. VA 2-200-642 for *Mermaid*.

25.    On March 12, 2020, Wildflower obtained federal copyright registration No. VA 2-200-643 for *Unicorn*.

**II.    Defendants' Willful Infringement and Unlawful Conduct**

Shein Entity Shell Game

26.    Defendants own and operate numerous fast fashion e-commerce retailers that advertise and sell apparel, accessories, jewelry, and other products through their various brands, including Shein and Emmacloth.

27.    Defendants have come under significant scrutiny from consumers, intellectual property rightsholders, human rights activists, climate activists, and the United States Government[1] for their unlawful and deceptive business practices.

28.    Defendants profit by flooding the market with cheap, infringing products with little regard for the intellectual property rights of others.  In connection with the near-endless succession of intellectual property infringement, Defendants claim to discipline the unscrupulous manufacturers and suppliers with whom they closely work but in reality do nothing but continue to order from them.

29.    Defendants operate via a variety of corporate entities, brands, websites, and mobile applications to shield themselves from liability for the rampant infringement driving their financial success.

30.    For example, Reuters reported that Defendant Roadget replaced Hong Kong-based Zoetop Business Co., Ltd. ("Zoetop") in 2022 as the holding company for all of Defendants' brands and intellectual property in part because Zoetop had built a reputation as an intellectual property infringer.[2]  Defendants currently appear to be operating under the Roadget umbrella, at least until they decide to again shift their unlawful scheme to the latest group of shell-game entities.

31.    Despite having been repeatedly sued for copyright infringement, Defendants continue to willfully infringe the works of independent artists, including many of the same artists

---

[1] *See* U.S.-China Econ. & Sec. Review Comm'n, Shein, Temu, and Chinese e-Commerce: Data Risks, Sourcing Violations, and Trade Loopholes (2023), available at https://www.uscc.gov/research/shein-temu-and-chinese-e-commerce-data-risks-sourcing-violations-and-trade-loopholes.

[2] *See* Chen Lin, EXCLUSIVE-Chinese fashion firm Shein on Singapore hiring spree as it shifts key assets there, Reuters, Feb. 16, 2022, https://www.reuters.com/article/shein-singapore-idCNL1N2UR09Q.

who have sued Defendants and/or their corporate affiliates and predecessors for copyright infringement in the past, presumably because it is far more profitable to do so than to comply with the law, e.g., by creating or licensing original works.

<u>The Emmacloth U.S. Website and the Emmacloth Infringing Product</u>

32.    Defendants Roadget and Fashion Choice own the Emmacloth brand and operate the Emmacloth U.S. Website as a key pillar of their web of interconnected fast fashion e-commerce retailers and brands.

33.    Defendants Roadget and Fashion Choice are direct sellers of the Emmacloth-branded products on the Emmacloth U.S. Website.

34.    Defendants Roadget and Fashion Choice sell Emmacloth-branded products on the Emmacloth U.S. Website directly to consumers in New York and in this District.

35.    Without authorization from Wildflower, Defendants Roadget and Fashion Choice created, manufactured, caused to be manufactured, imported, marketed, distributed, displayed and/or sold products featuring designs identical or substantially similar to the Rose Champagne Original Design (the "Emmacloth Infringing Product"), shown below.

36.    Large numbers of new, distinct products are added to the Emmacloth Website daily. Due to this large daily influx of products, upon information and belief, there are and/or have been additional products being displayed and sold on the Emmacloth U.S. Website that infringe the Original Designs and/or Plaintiff's other original copyrighted designs.

37.    Below is a side-by-side comparison of the Rose Champagne Original Design and the Emmacloth Infringing Product that have been discovered to date. The below comparison makes immediately apparent that the elements, composition, arrangement, layout, rendering, design, and

appearance of the Emmacloth Infringing Product is substantially similar, if not identical, to the Rose Champagne Original Design.

| Original Design | Infringing Product |
|---|---|
| *Rose Champagne Patch* | SKU: sh2310068929973371 |



Detail of Infringing Product

38.     Defendants Roadget and Fashion Choice have directly financially benefited from displaying and selling the Emmacloth Infringing Product on the Emmacloth U.S. Website.

39.     Defendants Roadget's and Fashion Choice's infringement of the Rose Champagne Original Design has been willful. Defendants Roadget and Fashion Choice never attempted to contact Wildflower to inquire about properly licensing the Rose Champagne Original Design. Instead, Defendants Roadget and Fashion Choice simply raided Wildflower's intellectual property to create the Emmacloth Infringing Product.

40.     Defendants Roadget and Fashion Choice know they are selling cheap products from manufacturers, suppliers, and third-party sellers that regularly deal in infringing products but continue to do so without implementing any reasonable checks to prevent the continued flood of infringing goods into the United States and this District.

41.     Wildflower has been forced to file this action to protect its rights and livelihood and to protect the integrity of its artwork.

<u>The Shein U.S. Website, the Shein Mobile App, and the Shein Infringing Products</u>

42.     Defendants Roadget and SUS own the Shein brand and operate the Shein U.S. Website and Shein Mobile App as the central pillar of their web of interconnected fast fashion e-commerce retailers and brands.

43.     Defendants Roadget and SUS sell Shein-branded products on the Shein U.S. Website and Shein Mobile App directly to consumers in New York and in this District.

44.     Defendants Roadget and SUS also sell Shein-branded products directly to consumers in New York and in this District via temporary and/or seasonal "pop-up shops." Most

recently, Defendants Roadget and SUS hosted a pop-up shop for the Shein brand in this District at Forever 21 Times Square, 1540 Broadway, B3 New York, NY 10036 from November 9-12, 2023.[3]

45.     Without authorization from Wildflower, Defendants Defendants Roadget and SUS created, manufactured, caused to be manufactured, imported, marketed, distributed, displayed and/or sold products featuring designs identical or substantially similar to the Original Designs (the "Shein Infringing Products").

46.     Ten thousand new products are added to Shein U.S. Website and Shein Mobile App daily.[4] Due to this large daily influx of products, upon information and belief, there are and/or have been additional products being displayed and sold on the Shein U.S. Website and Shein Mobile App that infringe the Original Designs and/or Plaintiff's other original copyrighted designs.

47.     Below is a side-by-side comparison of the Original Designs and the seventeen (17) Shein Infringing Products that have been discovered to date. The below comparison makes immediately apparent that the elements, compositions, arrangements, layouts, renderings, designs, and appearances of the Shein Infringing Products are substantially similar, if not identical, to the Original Designs.

---

[3]  *See* Shein Home for the Holidays Pop-Up Shop Experience, https://us.shein.com/campaigns/shein_us_nycpopup.

[4] *See* Alina Selyukh, "America can't resist fast fashion. Shein, with all its issues, is tailored for it," NPR, Oct. 13, 2023, https://www.npr.org/2023/10/13/1204983212/shein-america-fast-fashion-legal-issues.

| Original Design | Infringing Product |
|---|---|
| *Blue Feather Patch* | SKU: sh2309107836049572 |
|  |  |

| Original Design | Infringing Product |
|---|---|
| *Blue Feather Patch* | SKU: sh2211032410727213 |



| Original Design | Infringing Product |
|---|---|
| *Hamsa Patch*<br>*Blue Feather Patch*<br>*Evil Eye Patch* | SKU: sh2304016331270440 |



| Original Design | Infringing Product |
|---|---|
| *Hamsa Patch* | SKU: sh2306171472736570 |



| Original Design | Infringing Product |
|---|---|
| *Hamsa Patch* | SKU: sh2305265111640460 |



| Original Design | Infringing Product |
|---|---|
| *Blue Feather Patch* | SKU: sh2205059481402372 |



Detail of Infringing Product

| Original Design | Infringing Product |
|---|---|
| *Rose Champagne Patch* | SKU: sh2310068929973371 |
|  | <br><br><br><br>Detail of Infringing Product |

| Original Design | Infringing Product |
|---|---|
| *Rose Champagne Patch* | SKU: sh2304127081201681 |
|  |  |

| Original Design | Infringing Product |
|---|---|
| *Mermaid* | SKU: sh2308072582234773 |



| Original Design | Infringing Product |
|:---:|:---:|
| *Mermaid* | SKU: sh2309159887900202 |



| Original Design | Infringing Product |
|---|---|
| *Mermaid* | SKU: sh2304159055166387 |



| Original Design | Infringing Product |
|---|---|
| *Mermaid* | SKU: sh2205173180263225 |
|  |  |

| Original Design | Infringing Product |
|---|---|
| *Mermaid* | SKU: sh2305114418397474 |
|  |  |

| Original Design | Infringing Product |
|---|---|
| *Lipstick Patch* | SKU: sh2304307949128866 |
|  |  |

| Original Design | Infringing Product |
|---|---|
| *Cherries* | SKU: sh2307316660150199 |



Detail of Infringing Product

| Original Design | Infringing Product |
|---|---|
| *Unicorn* | SKU: sh2307036440567999 |
|  |  |

| Original Design | Infringing Product |
|---|---|
| *Unicorn* | SKU: sh2304010004046036 |
|  | |

48.    Beginning in May 2023, Defendants Roadget and SUS launched the "Shein Marketplace," a new platform hosted on the Shein U.S. Website that supplements Defendants Roadget's and SUS's direct-seller model by ostensibly allowing consumers to purchase products from a select number of vetted third-party vendors. In reality, the newly created Shein Marketplace is no different from the Shein U.S. Website's prior direct-seller model, and these third-party vendors in practice function more as traditional wholesale suppliers.

49.    For example, at least one of the Shein Infringing Products, which is supposedly sold by a third-party vendor on the Shein Marketplace, has the same SKU number as the Emmacloth Infringing Product, which is sold directly by Defendants Roadget and Fashion Choice on the Emmacloth U.S. Website.

50.    Upon information and belief, the third-party vendors on the Shein Marketplace are primarily Chinese manufacturers and suppliers, many of which are the same entities that supplied

Defendants Roadget and SUS with Shein-branded products for display and sale on the Shein U.S. Website prior to the launch of the Shein Marketplace in May 2023, and from which the Emmacloth U.S. Website sources its products.

51.    Defendants Roadget and SUS exercise substantial control over the third-party vendors and products sold on the Shein Marketplace.

52.    Defendants Roadget and SUS provide a wide array of financing, onboarding, logistics, and other services to their third-party vendors that go well beyond traditional marketplace services. Upon information and belief, Defendants directly finance and invest in factories, infrastructure, and training, among other things, for the benefit of the third-party vendors on the Shein Marketplace. , in June 2023, Defendants launched AcceleraSHEIN, an integrated support platform for third-party vendors that "offers a holistic system of support to all marketplace sellers throughout their journey on SHEIN Marketplace, including training and upskilling, seller benefits and incentives to help them achieve their business goals."[5]

53.    Defendants Roadget and SUS curate, select, and control which entities will be third-party vendors on the Shein Marketplace.

54.    Upon information and belief, Defendants curate, select, and control the products designed and sold by third-party vendors on the Shein Marketplace for the benefit of their customers.

55.    Defendants Roadget and SUS utilize a sophisticated web scraping technology and artificial intelligence-based software that scours the Internet and surveys its users' browsing habits,

---

[5] "SHEIN Launches 'AcceleraSHEIN' To Empower Marketplace Sellers, Continues Global Roll-Out of Integrated Marketplace," June 22, 2023, https://sheingroup.com/corporate-news/press-releases/shein-launches-accelerashein-to-empower-marketplace-sellers-continues-global-roll-out-of-integrated-marketplace/.

including on websites other than the Shein U.S. Website and the Emmacloth U.S. website, to determine which products to source and sell on the Shein Marketplace.

56.    Upon information and belief, Defendants Roadget and SUS are involved in the creation of the Shein Marketplace page on the Shein U.S. Website and the Shein Mobile App for each third-party vendor, including the selection and uploading of the images, designs, and other vendor information.

57.    Upon information and belief, Defendants Roadget and SUS are involved in the curation, selection, and publication of the third-party vendors' product pages and product photos on the Shein U.S. Website and the Shein Mobile App.

58.    Upon information and belief, Defendants Roadget and SUS have an excessive degree of control in setting the prices of the products sold on the Shein Marketplace.

59.    Defendants Roadget and SUS exercise a substantial degree of control over the marketing and advertising of all products sold on the Shein Marketplace.

60.    Defendants Roadget and SUS exercise a significant degree of control and influence over storage, warehousing, and distribution of the products sold on the Shein Marketplace (including through Defendants' centralized distribution centers in Guangdong Province, China).

61.    Defendants Roadget and SUS process the payments for all transactions completed on the Shein U.S. Website and the Shein Mobile App, including the Shein Marketplace.

62.    Defendants Roadget and SUS exercise a substantial degree of control over customer service, returns, and refunds for all orders placed on the Shein U.S. Website and Shein Mobile App, including the Shein Marketplace.

63.    Upon information and belief, Defendants Roadget and SUS maintain data security services to protect consumers' personal and payment information for all orders placed on the Shein U.S. Website and Shein Mobile App, including the Shein Marketplace.

64.    Defendants Roadget and SUS are not simply "passive hosts" of the infringing products being sold on the Shein Marketplace but are instead integrally involved in every step of the creation, sourcing, display, and sale of the Shein Infringing Products, making them direct participants in the infringement.

65.    Any claim by Defendants Roadget and SUS that they are not responsible for infringing products sold on the Shein Marketplace is meritless and is merely the next iteration of Defendants' repeated attempts to shift blame for their role in the infringement scheme.

66.    Defendants Roadget and SUS have directly financially benefited from displaying and selling the Shein Infringing Products on the Shein U.S. Website and Shein Mobile App. Defendants Roadget and SUS have directly financially benefited from the availability of and sales of the Shein Infringing Products on the Shein Marketplace.

67.    Defendants Roadget's and SUS's infringement of the Original Designs has been willful. Defendants never attempted to contact Plaintiff to inquire about properly licensing the Original Designs. Instead, Defendants Roadget and SUS simply raided Plaintiff's intellectual property to create the Shein Infringing Products.

68.    Defendants Roadget and SUS know they are selling cheap products from manufacturers, suppliers, and third-party vendors that regularly deal in infringing products but continue to do so without implementing any reasonable checks to prevent the continued flood of infringing goods into the United States and this District.

69.    Plaintiff has been forced to file this action to protect its rights and livelihood and to protect the integrity of its artwork.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501, et seq.**
**(Against All Defendants)**

70.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 69 above and incorporates them herein by reference.

71.    Plaintiff has complied in all respects with the copyright laws of the United States, 17 U.S.C. § 101 *et seq*., and has secured the exclusive rights and privileges in and to the copyrights in the Original Designs.

72.    Defendants had access to Plaintiff's Original Designs, including, without limitation, through (a) viewing the Original Designs on Plaintiff's website or social media; (b) viewing the Original Designs on an authorized third-party retailer's website or social media; and/or (c) purchasing products featuring the Original Designs from Plaintiff or an authorized third-party retailer.

73.    Defendants copied, reproduced, distributed, adapted, publicly displayed, and/or sold elements of the Original Designs without the consent, permission, or authority of Plaintiff.

74.    Defendants' conduct constitutes infringement of Plaintiff's copyrights and exclusive rights in violation of 17 U.S.C. §§ 106 and 501.

75.    Defendants' acts of infringement have been willful, intentional, purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights.

76.    Plaintiff is entitled to actual damages and Defendants' profits attributable to the infringement both in the United States and around the world, pursuant to 17 U.S.C. § 504.

77.    Alternatively, Plaintiff is entitled to an award of statutory damages for each of the Original Designs, pursuant to 17 U.S.C. § 504.

78.    Plaintiff is entitled to reasonable attorney's fees and costs, pursuant to 17 U.S.C. § 505.

79.    Plaintiff is entitled to an order enjoining and restraining Defendants, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, displaying, offering for sale, or selling the Emmacloth Infringing Product and Shein Infringing Products or any other products that bear substantially similar copies of Plaintiff's copyrighted Original Designs.

80.    Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501, et seq.**
**(Against Defendants Roadget and SUS)**

81.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 80 above and incorporates them herein by reference.

80.    Defendants Roadget and SUS knew of the infringement of Plaintiff's copyrighted Original Designs on the Shein U.S. Website, the Shein Mobile App (including on the Shein Marketplace).

81.    Defendants Roadget and SUS unlawfully allowed, enabled, or otherwise facilitated the creation and distribution of the Shein Infringing Products.

82.    Defendants Roadget and SUS knowingly induced, caused, and/or materially contributed to the direct infringement of Plaintiff's copyrighted Original Designs.

83.    Plaintiff has been damaged by, and Defendants Roadget and SUS have profited and materially benefited from the infringement of Plaintiff's copyrighted Original Designs.

84.     Plaintiff is entitled to the remedies set forth above for the copyright infringement of Plaintiff's copyrighted Original Designs.

### THIRD CLAIM FOR RELIEF
### <u>VICARIOUS COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501, et seq.</u>
### (Against Defendants Roadget and SUS)

85.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 84 above and incorporates them herein by reference.

86.     Defendants Roadget and SUS receive a direct financial benefit from the infringing activities occurring on the Shein Marketplace, including sales of the Shein Infringing Products.

87.     Defendants Roadget and SUS receive a direct financial benefit through the availability of the Shein Infringing Products and material on the Shein Marketplace, which acts as a draw for customers and results in sales and further profits and revenues to Defendants Roadget and SUS.

88.     Defendants Roadget and SUS have the right and ability to control and supervise the infringing activity of third-party vendors on the Shein Marketplace through the exercise of substantial control over the third-party vendors, the products displayed and sold, and the marketing and advertising of all products displayed and sold on the Shein Marketplace.

89.     Defendants Roadget and SUS have failed to exercise their right and ability to supervise or control the infringing activity occurring on the Shein Marketplace.

90.     Defendants Roadget and SUS have the ability to stop or limit the infringing activity occurring on the Shein Marketplace, as well as the practical ability to do so.

91.     Defendants Roadget and SUS have failed to stop or limit the infringing activity occurring on the Shein Marketplace.

92.     Plaintiff has been damaged by, and Defendants Roadget and SUS have profited and materially benefited from, the direct infringement of Plaintiff's copyrighted Original Designs.

93.     Plaintiff is entitled to the remedies set forth above for the copyright infringement of Plaintiff's copyrighted Original Designs.

**WHEREFORE**, Plaintiff demands judgment as follows:

1.      For an order permanently restraining and enjoining Defendants from copying, reproducing, distribution, adapting, publicly displaying, and/or selling the Original Designs or any elements thereof;

2.      For an order requiring the destruction of all of Defendants' infringing products, including the Emmacloth Infringing Product and the Shein Infringing Products, and all marketing, advertising, or promotional materials depicting Defendants' infringing products;

3.      For an award of Plaintiff's actual damages in connection with Defendants' willful copyright infringement;

4.      For an award of all of Defendants' disgorged worldwide profits attributable to Defendants' copyright infringement;

5.      For an award of statutory damages for each of the Original Designs under the Copyright Act, 17 U.S.C. § 504(c), as well as attorney's fees and costs under the Copyright Act, 17 U.S.C. § 505;

6.      For reasonable attorney's fees and costs of suit incurred herein;

7.      For interest, including prejudgment interest, on the foregoing sums; and

8.      For such other and further legal and equitable relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated:    New York, New York
             November 29, 2023

Respectfully Submitted,

KUSHNIRSKY GERBER PLLC

By: _____

Andrew Gerber
Vanessa Sorrentino
andrew@kgfirm.com
vanessa@kgfirm.com
27 Union Square West, Suite 301
New York, NY 10003
(212) 882-1320
*Attorneys for Plaintiff Wildflower + Co., Inc.*